IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| GREGORY ELECTRIC COMPANY, INC., | ) ) ) | Civil Action No. : 3:12-cv-02353-MBS |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **ORDER DISMISSING DEFENDANT'S EQUITABLE INDEMNIFICATION COUNTERCLAIM** |
| XEROX BUSINESS SERVICES, LLC formerly known as Affiliated Computer Services, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Gregory Electric Company, Inc. ("Gregory Electric") filed a breach of contract claim against Defendant Xerox Business Services ("Xerox"). In return, Xerox filed six counterclaims against Gregory Electric alleging breach of contract, breach of implied warranty of workmanship, breach of implied warranty for reasonable fitness, equitable indemnification, negligence, and gross negligence. ECF No. 17. These claims and counterclaims were argued during a five-day jury trial held before this court on October 26, 2015 through October 30, 2015. The jury rendered a verdict finding Gregory Electric prevailed on its breach of contract claim. ECF No. 146. The jury found that Xerox did not prevail on any of its legal counterclaims (*Id.*); however, Xerox's equitable counterclaim remains pending before the court.

The court has considered Xerox's counterclaim of equitable indemnification and finds that Xerox has no right to indemnity. South Carolina courts have held that a party seeking equitable indemnification must be adjudged to be without fault. *Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp.,* 336 S.C. 53, 63, 518 S.E.2d 301, 307 (Ct. App. 1999) (citing Addy v. Bolton, 257 S.C. 28, 183 S.E.2d 708 (1971)). The jury found Xerox to be at fault in the

contract dispute with Gregory Electric. ECF No. 146. Thus Xerox may not recover under a theory of equitable indemnification.

The court holds that Xerox is not entitled to equitable indemnification. The counterclaim is dismissed *with prejudice*.

**IT IS SO ORDERED.**

  s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

November 3, 2015